CHICAGO—FIRST DISTRICT—FEBRUARY, 1912.   331

DeVries v. Chicago, R. I. & Pac. R'y Co., 167 Ill. App. 331.

# Gerritt DeVries, Administrator, Appellee, v. Chicago, Rock Island & Pacific Railway Company et al., Appellants.

## Gen. No. 16,093.

NEGLIGENCE—*obligation of railroad company to trespasser upon its right of way.* It is the duty of a railroad company to refrain from wilfully or wantonly injuring a trespasser and to use reasonable care to avoid injury to a trespasser after such a trespasser is discovered to be in peril.

Action in case. Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed February 13, 1912. Rehearing denied February 29, 1912. *Certiorari* denied by Supreme Court (making opinion final).

BEN S. CABLE, MARCUS L. BELL, KNAPP & CAMPBELL and WILLIAM BEYE, for appellants.

A. G. DICUS, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

In this action appellee seeks to recover for personal injuries resulting in the death of Anna DeVries. On or about August 3, 1907, she was struck by a train operated by the Chicago, Lake Shore & Eastern Railway Company at or near a point where the tracks of said railroad cross the Holland road, a public highway. Upon that day Mrs. DeVries and her daughter went into Chicago to do shopping. They returned on a train of the Chicago & Western Indiana railroad, and Mrs. DeVries got off at Oakdale station, her daughter remaining on the train. It was about six o'clock P. M. and the deceased started toward her home not far away. To shorten the distance apparently she walked along the tracks used by the Rock Island and

Lake Shore Railroad Company, which cross the Western Indiana tracks at Oakdale station. Shortly thereafter the Lake Shore train by which the deceased was struck approached the crossing at Oakdale station from the west. In the meantime deceased was proceeding eastward along the double tracks used by the Lake Shore road, and was approaching the Holland road about half a mile east of Oakdale station. The Lake Shore train stopped before the Oakdale crossing and then proceeded on its way eastward. The engineer and fireman of that train testify that the deceased was in plain view ahead of them, going eastward along the north track with her back toward the approaching train. It is claimed that the whistle had been blown at the Oakdale station before crossing the tracks there, that it was also blown after crossing those tracks as a signal for the Holland road crossing; that about that time the deceased stepped in between the two tracks of the defendant and without looking back continued on her way eastward; that the deceased walked a short distance between the two tracks and then turned toward the southeast and stepped on the south or east-bound track on which the train was approaching; that the engineer and fireman thought from her movements she was intending to cross over that southern or east-bound track, but that just before she reached the south or outer rail she turned to the eastward on that track and kept on her way and that at once the engineer commenced to blow his whistle and put on the air brakes, but the train almost immediately struck the deceased and inflicted injuries causing her death. It appears her home was about three hundred feet east of Holland road and about the same distance south of the tracks of the Lake Shore road upon which she had been walking.

It is contended that there was no duty on the part

of the employes of the railroad company to the deceased to ring a bell or blow a whistle as provided by statute, inasmuch as she was a trespasser on the private right of way of the railroad company, and that if, as the jury found, she was also on the public highway when struck, she was not using the highway for crossing purposes at the time. "A railroad company owes no duty to a person walking along its tracks without its invitation, either expressed or implied, except to refrain from wantonly or willfully injuring him and to use reasonable care to avoid injury to him after he is discovered to be in peril; and it makes no difference in that respect whether he is a trespasser, a mere licensee or one who is on the tracks by mere sufferance without objection of the company. * * * In either case there is no duty toward him except to refrain from wantonly or willfully injuring him." I. C. R. R. Co. v. Eicher, 202 Ill. 556-560.

In the case at bar there is testimony of the engineer and fireman tending to show that they saw the deceased on the tracks when she was a considerable distance in front, and that she was in plain view all the time until hit by the engine. During all that time she was in a position where a momentary forgetfulness might put her in a place such as she was in when struck. She did not look back at all before or after she stepped on the south track in front of the approaching train; yet it was not, as there is evidence tending to show, until just before she was hit that the engineer gave the short, sharp signals which indicated the imminence of the danger which immediately thereafter caused her the loss of life. It is said by one witness, whose opportunity of seeing appears to have been good, that he saw the deceased take one step after he heard these danger signals given just before she was struck. If the deceased failed to look back and was apparently oblivious of the danger rapidly

approaching, and there was a failure to give such signals of danger in time to permit the deceased to hear them and get out of the way, as there is evidence tending to show, it was we think a question for the jury· whether such failure under the circumstances was wanton or wilful negligence. It is not probable that the train employes desired or intended to strike the deceased, but there is evidence which tends to show that they did not awake to the danger of doing so in time to prevent such result. Employes in charge of powerful engines going at a high rate of speed cannot speculate as to whether one in danger will or will not get out of the way in time to escape the danger. They cannot neglect under such circumstances to give signals such as will be likely to arouse one going on in apparent unconsciousness. There is evidence tending to show and the jury specially found that at the time the deceased was struck she was on the highway where she was no longer a trespasser upon the defendant's right of way. Whether so or not, it was the duty of defendant's employes "to refrain from wilfully or wantonly injuring her and to use reasonable care to avoid injury to her after she was discovered to be in peril." I. C. R. R. Co. v. Eicher, *supra.* Whether or not she was guilty of contributory negligence was a question of fact for the jury,—Winn v. C. C. C. & St. L. Ry. Co., 239 Ill. 132—and they have decided it against the defendants' contention. We find no error in the refusal of the trial court to direct a verdict for the defendants.

We have examined the instructions with reference to which complaint is made, but are of the opinion that no material error was committed in that respect. Finding no substantial error in the record, the judgment of the Superior Court must be affirmed.

*Affirmed.*